UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARQUIS V. WALKER,

    Petitioner,

  v.

T. FELKER, Warden,

    Respondent.

No. C 06-1828 JSW (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

## INTRODUCTION

This is a federal habeas corpus action filed by a state prisoner pursuant to 28 U.S.C. § 2254. As grounds for habeas relief Petitioner alleges, *inter alia*, that the trial court's imposition of consecutive, rather than concurrent, sentences violated his Sixth Amendment right to a jury trial. For the reasons set forth below, the petition is DENIED.

## STATEMENT

In 2003, Petitioner was convicted by a Contra Costa County Superior Court jury of two counts of residential robbery (Cal. Pen. Code §§ 211/212.5). The jury also found true the allegation that Petitioner was armed with a firearm within the meaning of Cal. Pen. Code §§ 12022(a)(1) and 12022.53(b) while committing the robberies. Petitioner also pleaded no contest to a charge of being a felon in possession of a firearm (*id*. § 12021(a)(1)). The trial

court sentenced Petitioner to a total term of eight years and eight months, a sentence that included the upper term of six years on one charge of residential robbery, plus an additional year for the firearm enhancement, one year and four months (one-third of the middle term) for the second charge of residential robbery, and an additional four months for the firearm enhancement, all to be served concurrently. The trial court stayed a two-year sentence for being a felon in possession of a firearm. Petitioner appealed. The California Court of Appeal for the First Appellate District affirmed the judgment. (Ans., Ex. C (*People v. Walker*, No. A105001, 2005 WL 1249167 (Cal. Ct. App. May 26, 2005)) at 1–3.) The California Supreme Court denied Petitioner's petition for review. (Pet., Ex. 3.)

Evidence presented at trial showed that in July 2002, Petitioner and an accomplice, Damon Procter, entered a residence, at first held just one person, who had her seven year old goddaughter with her, at gunpoint, and then another, who returned to the residence as the robbery was in progress. Petitioner and Procter took cash, jewelry, and other items. (Ans., Ex. C at 2.)

As grounds for federal habeas relief, Petitioner alleges that the imposition of (1) the upward term for the first robbery conviction based on aggravating factors not determined by a jury and (2) consecutive sentences both violated his Sixth Amendment rights under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004).

**STANDARD OF REVIEW**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. 2254(d).

1   The first prong applies both to questions of law and to mixed questions of law and
2 fact. *Williams v. Taylor*, 529 U.S. 362, 407–09 (2001).  The second prong applies to
3 decisions based on factual determinations. *Miller-El v. Cockrell*, 537 U.S. 322, 339 (2003).

4   A state court decision is "contrary to" Supreme Court authority, that is, falls under
5 the first clause of Section 2254(d)(1), only if "the state court arrives at a conclusion
6 opposite to that reached by [the Supreme] Court on a question of law or if the state court
7 decides a case differently than [the Supreme] Court has on a set of materially
8 indistinguishable facts." *Williams*, 529 U.S. at 412–13.  A state court decision is an
9 "unreasonable application of" Supreme Court authority, and thus falls under the second
10 clause of Section 2254(d)(1), if it correctly identifies the governing legal principle from the
11 Supreme Court's decisions but "unreasonably applies that principle to the facts of the
12 prisoner's case." *Id*. at 413.  A federal court on habeas review may not issue a writ "simply
13 because that court concludes in its independent judgment that the relevant state-court
14 decision applied clearly established federal law erroneously or incorrectly." *Id*. at 411.
15 Rather, the application must be "objectively unreasonable" to support granting the writ. *Id*.
16 at 409.

17   Factual determinations by state courts are presumed correct absent clear and
18 convincing evidence to the contrary." *Miller-El*, 537 U.S. at 340.  This presumption is not
19 altered by the fact that the finding was made by a state court of appeal, rather than by a
20 state trial court.  *Sumner v. Mata*, 449 U.S. 539, 546–47 (1981).  A petitioner must present
21 clear and convincing evidence to overcome Section 2254(e)(1)'s presumption of
22 correctness; conclusory assertions will not do. *Ibid*.

## DISCUSSION

24   Petitioner alleges that the imposition of the upward term for the first robbery
25 conviction based on factors not found true by a jury beyond a reasonable doubt, and the
26 imposition of consecutive sentences violated his Sixth Amendment rights under *Apprendi v.*
27 *New Jersey*, 530 U.S. 466 (2000) and its progeny, *Blakely v. Washington*, 542 U.S. 296
28 (2004).

Order Granting Denying Petition for Writ of Habeas Corpus
G:\Pro-Se\JSW\HC.06\Walker828.hc.md            3

In *Apprendi*, the Supreme Court extended a defendant's right to trial by jury to findings of fact used by the sentencing court to increase a defendant's sentence. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id*. at 490. Consequently, in keeping with *Apprendi*, the "statutory maximum" is the maximum sentence a judge could impose based solely on the facts reflected in the jury verdict or admitted by the defendant; in other words, the relevant "statutory maximum" is not the sentence the judge could impose after finding additional facts, but rather the maximum he could impose without any additional findings. *Blakely v. Washington*, 542 U.S. 296, 303–04 (2004).

### A.     Imposition of the Upward Term

Petitioner claims that the trial court violated his constitutional rights as set forth in *Apprendi* and *Blakely* when it imposed the upper term of six years.[1] (Pet., Supplement at 1.) In its sentencing decision, the trial court concluded that there were several circumstances in aggravation related to the crime, and no circumstances in mitigation related to the crime. (Ans., Ex. B, Vol. 2 at 621–22.) Specifically, the trial court concluded that Petitioner was "the leader or planner in this two-man home invasion robbery," that the victim, because she had her seven year old godchild with her at the time, was "especially vulnerable," and that Petitioner's having two sets of handcuffs, use of a walkie-talkie, and wearing a bullet-proof vest indicated preparation and planning. (*Id*. at 621.)   The state appellate court concluded that "the imposition of the upper term sentence was [] constitutionally valid and not prejudicial to [Petitioner]." (Ans., Ex. C at 5.)

The Supreme Court has held that "the middle [prison] term prescribed by California statutes, not the upper term, is the relevant statutory maximum."[2] *Cunningham v.*

---

[1] The terms of imprisonment for sort of first-degree robbery committed by Petitioner are three, four, or six years. *See* Cal. Pen. Code § 213(a)(1)(B).

[2] *Cunningham* applies retroactively on collateral review to convictions that became final on direct review after the decision in *Blakely* on June 24, 2004. *Butler v. Curry*, 528 F.3d 624, 639 (9th Cir. 2008). *Cunningham* applies to Petitioner's sentence because his conviction became

*California*, 549 U.S. 270, 288 (2007). Petitioner's six-year term is, therefore, beyond the statutory maximum. In order to justify the imposition of the upper term and be within constitutional limits, a California sentencing judge must base such a decision on aggravating factors that are reflected in the jury's verdict or admitted by the defendant. *Id*. at 288–89. Circumstances in aggravation are "facts which justify the imposition of the upper prison term." Cal. Rule of Court 4.405(d). Under California law, the existence of a single circumstance in aggravation is sufficient to justify the imposition of the upper term. *See People v. Osband*, 13 Cal. 4th 622, 728 (Cal. 1996) (citation removed).

Petitioner's six-year sentence for the robbery is erroneous under *Cunningham*. Specifically, the factors used by the trial court — the vulnerability of the victim, Petitioner's role as a leader, that the crime was planned — are not factors admitted by Petitioner or reflected in the jury's verdict, viz., found true beyond a reasonable doubt, and therefore require further fact finding by the trial judge. Therefore, the imposition of the upper term, thereby increasing Petitioner's sentence beyond the statutory maximum, based on these factors is unconstitutional under *Cunningham*.

However, the Supreme Court has repeatedly recognized that the commission of a constitutional error at trial alone does not entitle a defendant to automatic reversal. Indeed, "'most constitutional errors can be harmless.'" *Neder v. United States*, 527 U.S. 1, 8 (1999) (quoting *Arizona v. Fulminante*, 499 U.S. 279, 306 (1991)). *Blakely* and *Apprendi* sentencing errors are subject to a harmless error analysis. *Washington v. Recuenco*, 548 U.S. 212, 221 (2006).

The Court concludes that because another undisputed aggravating factor existed in the trial court record, Petitioner still would have been eligible for the upper term. Specifically, the record contains evidence that Petitioner was on felony probation when the crime was committed, a fact noted by the trial court and the state appellate court (Ans., Ex. B, Vol. 2 at 623; Ex. C at 3), and which appears in the probation officer's report (*Id*., Ex. A,

---

final when the California Supreme Court denied his petition for direct review on August 10, 2005.

1   Vol. 2.)  That a defendant was on probation or parole when the crime was committed is a

2   circumstance in aggravation.  *See* Cal. Rule of Court 4.421(b)(4).  Because an undisputed

3   aggravating factor existed — again, one factor is sufficient to make a defendant eligible for

4   the upper term — Petitioner was eligible for the upper term of six years.  Therefore,

5   whatever error existed was harmless, and Petitioner suffered no prejudice.  Accordingly,

6   Petitioner is not entitled to habeas relief on this claim.

### B. Imposition of Consecutive Sentences

Petitioner also claims that the trial court's imposition of consecutive, rather than concurrent sentences, violates his Sixth Amendment rights, as described in *Apprendi* and *Blakely*.  (Pet., Supplement at 2.)

Applying the above-stated legal principles to the instant matter, the Court concludes that *Apprendi* and *Blakely* are inapplicable to the imposition of consecutive sentences. *Apprendi* and *Blakely* impose constitutional limits on increasing the statutory maximum sentence of a single conviction.  These cases have nothing to say about the imposition of consecutive sentences for convictions on separate charges.  Petitioner has pointed to no other binding legal authority to support his claim.

Furthermore, the Ninth Circuit has held that the "limitation on a [federal] court's discretion" to impose consecutive sentences "turns . . . on a determination of law [under a federal statute] rather than [on] a determination of fact," there are "no Sixth Amendment problems" to impose consecutive sentences.  *U.S. v. Fifield*, 432 F.3d 1056, 1066–67 (9th Cir. 2005).  A California judge's discretion turns similarly on a question of law, and therefore, under similar reasoning, a sentencing decision so based does not implicate the Sixth Amendment under the facts of this case.  *See* California Rule of Court 4.425(a). Another federal district court held explicitly that:

> The Supreme Court has never held that in determining the cumulative penalty for separate charges involving separate incidents, which could theoretically be brought separately, one has a Sixth Amendment right to concurrent sentencing absent the jury finding the basis for consecutive sentencing.  Such a rule would amount to making ministerial the duties of a judge at sentencing, and takes *Apprendi* beyond its logical basis.

Order Granting Denying Petition for Writ of Habeas Corpus
G:\Pro-Se\JSW\HC.06\Walker828.hc.md            6

*Hernandez v. McGrath*, 595 F.Supp.2d 1111, 1147 (E.D. Cal. 2009).

Based on the above reasoning, Petitioner is not entitled to habeas relief on this claim.

Petitioner also contends that the trial court's failure to present the question of consecutive sentences to the jury, his Sixth Amendment rights were violated. (Pet., Supplement at 2.) This contention is foreclosed by Supreme Court precedent:

> It is well established that when a jury has no sentencing function, it should be admonished to "reach its verdict without regard to what sentence might be imposed." *Rogers v. United States*, 422 U.S. 35, 40 (1975). The principle that juries are not to consider the consequences of their verdicts is a reflection of the basic division of labor in our legal system between judge and jury. The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged. The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict. Information regarding the consequences of a verdict is therefore irrelevant to the jury's task. Moreover, providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion. [Citations removed.]

*Shannon v. United States*, 512 U.S. 573, 579 (1994). Because Petitioner has not shown that the jury had any sentencing function, *Shannon* controls. Accordingly, Petitioner is not entitled to habeas relief on this claim.

As to all Petitioner's claims, the Court concludes that the state court's determinations were not contrary to, or unreasonable applications of, clearly established Supreme Court precedent, nor were they based on an unreasonable determination of the facts in light of the evidence presented under 28 U.S.C. 2254 (d)(1), (2). Accordingly, Petitioner's claims are denied.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: March 31, 2009

JEFFREY S. WHITE
United States District Judge